ORIGINAL

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **LAW OFFICES OF LYNN HUBBARD**
3  12 WILLIAMSBURG LANE
   CHICO, CA. 95926
4  (530) 895-3252

5  Attorneys for Plaintiff

6

7

8

9           UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11

12                              '07 CV 2300 L POR

13  A.J. OLIVER,                  )  No.
                                  )
14        Plaintiff,              )
                                  )  **Plaintiff's Complaint**
15        vs.                     )
                                  )
16  OLD NAVY, LLC dba OLD NAVY    )
17  #5873; J.C. PENNEY COMPANY,   )
    INC. dba JCPENNEY #1950;      )
18  MACY'S DEPARTMENT STORES,     )
    INC. dba MACY'S; FASHION      )
19  VALLEY MALL; SIMON            )
20  PROPERTY GROUP, INC.,         )
                                  )
21        Defendants.             )
                                  )
22  ─────────────────────────────

23

24

25

26

27

28  *Oliver v. Fashion Valley Mall*
    **Plaintiff's Complaint**



FILED

07 DEC -7 PM 4: 03

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# I. SUMMARY

1.     This is a civil rights action by plaintiff A.J. Oliver ("Oliver") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as:

Old Navy #5873
7007 Friars Road
San Diego, CA 92108
(hereafter "the Old Navy Facility")

JCPenney #1950
6987 Friars Road
San Diego, CA 92108
(hereafter "the JCPenney Facility")

Macy's
7017 Friars Road
San Diego, CA 92108
(hereafter "the Macy's Facility")

2.     Oliver seeks exemplary damages, injunctive and declaratory relief, attorney fees and costs pursuant to the Americans with Disabilities Act of 1990,( 42 U.S.C. §§ 12101 et seq.), and related California statutes against:

Old Navy, LLC dba Old Navy #5873; Fashion Valley Mall, LLC; and, Simon Property Group, Inc. (collectively "the Old Navy Defendants")

J.C. Penney Company, Inc. dba JC Penney #1950; Fashion Valley Mall, LLC; and, Simon Property Group, Inc. (collectively "the JCPenney Defendants")

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1  Macy's Department Stores, Inc. dba Macy's; Fashion Valley Mall, LLC;

2  and, Simon Property Group, Inc. (collectively "the Macy's Defendants")

3  <center>II. JURISDICTION</center>

4      3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331

5  and 1343 for ADA claims.

6      4.    Supplemental jurisdiction for claims brought under parallel

7  California law—arising from the same nucleus of operative facts—is

8  predicated on 28 U.S.C. § 1367.

9      5.    Oliver's claims are authorized by 28 U.S.C. §§ 2201 and

10  2202.

11  <center>III. VENUE</center>

12      6.    All actions complained of herein take place within the

13  jurisdiction of the United States District Court, Southern District of

14  California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

15  <center>IV. PARTIES</center>

16      7.    The Old Navy Defendants own, operate, or lease the Old

17  Navy Facility, and consists of a person (or persons), firm(s), or

18  corporation(s).

19      8.    The JCPenney Defendants own, operate, or lease the

20  JCPenney Facility, and consists of a person (or persons), firm(s), or

21  corporation(s).

22      9.    The Macy's Defendants own, operate, or lease the Macy's

23  Facility, and consists of a person (or persons), firm(s), or corporation(s).

24      10.    Oliver suffered a stroke approximately 13 years ago. The

25  stroke left him paralyzed, speech impaired, and unable to stand or walk.

26  Oliver requires the use of a motorized wheelchair when traveling about in

27  public. Consequently, Oliver is "physically disabled," as defined by all

28  *Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1  applicable California and United States laws, and a member of the public

2  whose rights are protected by these laws.

3  <div align="center">V. FACTS</div>

4      11.    The Old Navy Facility is a sales or retail establishment, open

5  to the public, which is intended for nonresidential use and whose

6  operation affects commerce.

7      12.    The JCPenney Facility is a sales or retail establishment, open

8  to the public, which is intended for nonresidential use and whose

9  operation affects commerce.

10     13.    The Macy's Facility is a sales or retail establishment, open to

11 the public, which is intended for nonresidential use and whose operation

12 affects commerce.

13     14.    Oliver visited the Old Navy Facility and encountered barriers

14 (both physical and intangible) that interfered with—if not outright

15 denied—his ability to use and enjoy the goods, services, privileges, and

16 accommodations offered at the facility.  To the extent known by Oliver,

17 attached as Exhibits A and D to this Complaint are true and accurate lists

18 (with photos) of barriers that denied his access to the Old Navy Facility.

19 Additional barriers at the Old Navy Facility include but are not limited to:

20 ▪ The flush handle of the water closet is not located on the wide side

21   of the water closet;

22 ▪ The disposable seat cover dispense is mounted at higher than 40

23   inches from the floor;

24 ▪ The disposable seat cover dispenser is mounted behind the water

25   closet and is therefore out of the required reach ranges;

26 ▪ The pipes underneath the lavatory are not properly wrapped to

27   prevent burns.

28

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1    These barriers prevented Oliver from enjoying full and equal access.

2        15.    Oliver visited the JCPenney Facility and encountered barriers
3    (both physical and intangible) that interfered with—if not outright
4    denied—his ability to use and enjoy the goods, services, privileges, and
5    accommodations offered at the facility. To the extent known by Oliver,
6    attached as Exhibits B and D to this Complaint are true and accurate lists
7    (with photos) of barriers that denied his access to the JCPenney Facility.
8    These barriers prevented Oliver from enjoying full and equal access.

9        16.    Oliver visited the Macy's Facility and encountered barriers
10   (both physical and intangible) that interfered with—if not outright
11   denied—his ability to use and enjoy the goods, services, privileges, and
12   accommodations offered at the facility. To the extent known by Oliver,
13   attached as Exhibits C and D to this Complaint are true and accurate lists
14   (with photos) of barriers that denied his access to the Macy's Facility.
15   Additional barriers at the Macy's Facility include but are not limited to:

16   Men's first floor restroom:

17   ▪ The toilet tissue dispenser protrudes into the clear floor space
18      needed at the water closet;

19   ▪ The pipes underneath the lavatory are not properly wrapped to
20      prevent burns;

21   ▪ The hand dryer prevents there from being sufficient strike side
22      clearance when exiting the restroom;

23   Men's second floor restroom:

24   ▪ The entrance door lacks the proper signage;

25   ▪ The stall door is not self closing;

26   ▪ The pipes underneath the lavatory are not properly wrapped to
27      prevent burns.

28

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1    These barriers prevented Oliver from enjoying full and equal access.

2    17.    Oliver was also deterred from visiting the Old Navy Facility
3    because he knew that the Old Navy's Facility's goods, services, facilities,
4    privileges, advantages, and accommodations were unavailable to
5    physically disabled patrons (such as himself). He continues to be deterred
6    from visiting the Old Navy Facility because of the future threats of injury
7    created by these barriers.

8    18.    Oliver was also deterred from visiting the JCPenney Facility
9    because he knew that the JCPenney Facility's goods, services, facilities,
10    privileges, advantages, and accommodations were unavailable to
11    physically disabled patrons (such as himself). He continues to be deterred
12    from visiting the JCPenney Facility because of the future threats of injury
13    created by these barriers.

14    19.    Oliver was also deterred from visiting the Macy's Facility
15    because he knew that the Macy's Facility's goods, services, facilities,
16    privileges, advantages, and accommodations were unavailable to
17    physically disabled patrons (such as himself). He continues to be deterred
18    from visiting the Macy's Facility because of the future threats of injury
19    created by these barriers.

20    20.    Oliver also encountered barriers at the facilities, which
21    violate state and federal law, but were unrelated to his disability. Nothing
22    within this Complaint, however, should be construed as an allegation that
23    Oliver is seeking to remove barriers unrelated to his disability.

24    21.    The Old Navy Defendants knew that these elements and areas
25    of the Old Navy Facility were inaccessible, violate state and federal law,
26    and interfere with (or deny) access to the physically disabled. Moreover,
27    the Old Navy Defendants have the financial resources to remove these

28    *Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

Page 6

1 | barriers from the Old Navy Facility (without much difficulty or expense),

2 | and make the facility accessible to the physically disabled.    To date,

3 | however, the Old Navy Defendants refuse to either remove those barriers

4 | or seek an unreasonable hardship exemption to excuse non-compliance.

5 |     22.    At all relevant times, the Old Navy Defendants have

6 | possessed and enjoyed sufficient control and authority to modify the Old

7 | Navy Facility to remove impediments to wheelchair access and to comply

8 | with the Americans with Disabilities Act Accessibility Guidelines and

9 | Title 24 regulations.  The Old Navy Defendants have not removed such

10 | impediments and have not modified the Old Navy Facility to conform to

11 | accessibility standards.    The Old Navy Defendants have intentionally

12 | maintained the Old Navy Facility in its current condition and have

13 | intentionally refrained from altering the Old Navy Facility so that it

14 | complies with the accessibility standards.

15 |     23.    Oliver further alleges that the (continued) presence of barriers

16 | at the Old Navy Facility is so obvious as to establish The Old Navy

17 | Defendants' discriminatory intent.[1]   On information and belief, Oliver

18 | avers that evidence of this discriminatory intent includes the Old Navy

19 | Defendants' refusal to adhere to relevant building standards; disregard for

20 | the building plans and permits issued for the Old Navy Facility;

21 | conscientious decision to the architectural layout (as it currently exists) at

22 | the Old Navy Facility; decision not to remove barriers from the Old Navy

23 | Facility; and allowance that Old Navy Facility continues to exist in its

24 | non-compliant state. Oliver further alleges, on information and belief, that

25 | the Old Navy Defendants are not in the midst of a remodel, and that the

26 |

27 |

28 | [1]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1 barriers present at the Old Navy Facility are not isolated (or temporary)
2 interruptions in access due to maintenance or repairs.

3    24.    The JCPenney Defendants knew that these elements and areas
4 of the JCPenney Facility were inaccessible, violate state and federal law,
5 and interfere with (or deny) access to the physically disabled.  Moreover,
6 the JCPenney Defendants have the financial resources to remove these
7 barriers from the JCPenney Facility (without much difficulty or expense),
8 and make the facility accessible to the physically disabled.   To date,
9 however, the JCPenney Defendants refuse to either remove those barriers
10 or seek an unreasonable hardship exemption to excuse non-compliance.

11    25.    At all relevant times, the JCPenney Defendants have
12 possessed and enjoyed sufficient control and authority to modify the
13 JCPenney Facility to remove impediments to wheelchair access and to
14 comply with the Americans with Disabilities Act Accessibility Guidelines
15 and Title 24 regulations.  The JCPenney Defendants have not removed
16 such impediments and have not modified the JCPenney Facility to
17 conform to accessibility standards.   The JCPenney Defendants have
18 intentionally maintained the JCPenney Facility in its current condition and
19 have intentionally refrained from altering the JCPenney Facility so that it
20 complies with the accessibility standards.

21    26.    Oliver further alleges that the (continued) presence of barriers
22 at the JCPenney Facility is so obvious as to establish the JCPenney
23 Defendants' discriminatory intent.[2]   On information and belief, Oliver
24 avers that evidence of this discriminatory intent includes the JCPenney
25 Defendants' refusal to adhere to relevant building standards; disregard for
26 the building plans and permits issued for the JCPenney Facility;

27 _____

28 [2]    E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
**Oliver v. Fashion Valley Mall**
**Plaintiff's Complaint**

1   conscientious decision to the architectural layout (as it currently exists) at
2   the JCPenney Facility; decision not to remove barriers from the JCPenney
3   Facility; and allowance that JCPenney Facility continues to exist in its
4   non-compliant state. Oliver further alleges, on information and belief, that
5   the JCPenney Defendants are not in the midst of a remodel, and that the
6   barriers present at the JCPenney Facility are not isolated (or temporary)
7   interruptions in access due to maintenance or repairs.

8       27.   The Macy's Defendants knew that these elements and areas of
9   the Macy's Facility were inaccessible, violate state and federal law, and
10   interfere with (or deny) access to the physically disabled. Moreover, the
11   Macy's Defendants have the financial resources to remove these barriers
12   from the Macy's Facility (without much difficulty or expense), and make
13   the facility accessible to the physically disabled. To date, however, the
14   Macy's Defendants refuse to either remove those barriers or seek an
15   unreasonable hardship exemption to excuse non-compliance.

16       28.   At all relevant times, the Macy's Defendants have possessed
17   and enjoyed sufficient control and authority to modify the Macy's Facility
18   to remove impediments to wheelchair access and to comply with the
19   Americans with Disabilities Act Accessibility Guidelines and Title 24
20   regulations. The Macy's Defendants have not removed such impediments
21   and have not modified the Macy's Facility to conform to accessibility
22   standards. The Macy's Defendants have intentionally maintained the
23   Macy's Facility in its current condition and have intentionally refrained
24   from altering the Macy's Facility so that it complies with the accessibility
25   standards.

26       29.   Oliver further alleges that the (continued) presence of barriers
27   at the Macy's Facility is so obvious as to establish the Macy's Defendants'
28

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1    discriminatory intent.[3]   On information and belief, Oliver avers that
2    evidence of this discriminatory intent includes the Macy's Defendants'
3    refusal to adhere to relevant building standards; disregard for the building
4    plans and permits issued for the Macy's Facility; conscientious decision to
5    the architectural layout (as it currently exists) at the Macy's Facility;
6    decision not to remove barriers from the Macy's Facility; and allowance
7    that Macy's Facility continues to exist in its non-compliant state.   Oliver
8    further alleges, on information and belief, that the Macy's Defendants are
9    not in the midst of a remodel, and that the barriers present at the Macy's
10   Facility are not isolated (or temporary) interruptions in access due to
11   maintenance or repairs.

12        30.    The Old Navy Defendants knew that these elements and areas
13   of the Old Navy Facility were inaccessible, violate state and federal law,
14   and interfere with (or deny) access to the physically disabled.  Moreover,
15   the Old Navy Defendants have the financial resources to remove these
16   barriers from the Old Navy Facility (without much difficulty or expense),
17   and make the facility accessible to the physically disabled.   To date,
18   however, the Old Navy Defendants refuse to either remove those barriers
19   or seek an unreasonable hardship exemption to excuse non-compliance.

20        31.    The JCPenney Defendants knew that these elements and areas
21   of the JCPenney Facility were inaccessible, violate state and federal law,
22   and interfere with (or deny) access to the physically disabled.  Moreover,
23   the JC Penney Defendants have the financial resources to remove these
24   barriers from the JCPenney Facility (without much difficulty or expense),
25   and make the facility accessible to the physically disabled.   To date,
26
27
28   ³  E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
     **Oliver v. Fashion Valley Mall**
     **Plaintiff's Complaint**

1  however, the JCPenney Defendants refuse to either remove those barriers
2  or seek an unreasonable hardship exemption to excuse non-compliance.

3      32.    The Macy's Defendants knew that these elements and areas of
4  the Macy's Facility were inaccessible, violate state and federal law, and
5  interfere with (or deny) access to the physically disabled.  Moreover, the
6  Macy's Defendants have the financial resources to remove these barriers
7  from the Macy's Facility (without much difficulty or expense), and make
8  the facility accessible to the physically disabled.  To date, however, the
9  Macy's Defendants refuse to either remove those barriers or seek an
10 unreasonable hardship exemption to excuse non-compliance.

<div align="center">

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Old Navy Facility)

</div>

15     33.    Oliver incorporates the allegations contained in paragraphs 1
16 through 21 for this claim.

17     34.    Title III of the ADA holds as a 'general rule' that no
18 individual shall be discriminated against on the basis of disability in the
19 full and equal enjoyment (or use) of goods, services, facilities, privileges,
20 and accommodations offered by any person who owns, operates, or leases
21 a place of public accommodation. 42 U.S.C. § 12182(a).

22     35.    The Old Navy Defendants discriminated against Oliver by
23 denying "full and equal enjoyment" and use of the goods, services,
24 facilities, privileges or accommodations of the Old Navy Facility during
25 each visit and each incident of deterrence.

26 ///
27 ///
28

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1  ## Failure to Remove Architectural Barriers in an Existing Facility

2  36.  The ADA specifically prohibits failing to remove

3  architectural barriers, which are structural in nature, in existing facilities

4  where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

5  The term "readily achievable" is defined as "easily accomplishable and

6  able to be carried out without much difficulty or expense." Id. § 12181(9).

7  37.  When an entity can demonstrate that removal of a barrier is

8  not readily achievable, a failure to make goods, services, facilities, or

9  accommodations available through alternative methods is also specifically

10  prohibited if these methods are readily achievable. Id. §

11  12182(b)(2)(A)(v).

12  38.  Here, Oliver alleges that the Old Navy Defendants can easily

13  remove the architectural barriers at the Old Navy Facility without much

14  difficulty or expense, and that the Old Navy Defendants violated the ADA

15  by failing to remove those barriers, when it was readily achievable to do

16  so.

17  39.  In the alternative, if it was not "readily achievable" for the

18  Old Navy Defendants to remove the Old Navy Facility's barriers, then the

19  Old Navy Defendants violated the ADA by failing to make the required

20  services available through alternative methods, which are readily

21  achievable.

22  ## Failure to Design and Construct an Accessible Facility

23  40.  On information and belief, the Old Navy Facility was

24  designed or constructed (or both) after January 26, 1992—independently

25  triggering access requirements under Title III of the ADA.

26  41.  The ADA also prohibits designing and constructing facilities

27  for first occupancy after January 26, 1993, that aren't readily accessible to,

28  *Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1  and usable by, individuals with disabilities when it was structurally
2  practicable to do so. 42 U.S.C. § 12183(a)(1).

3      42.   Here, the Old Navy Defendants violated the ADA by
4  designing or constructing (or both) the Old Navy Facility in a manner that
5  was not readily accessible to the physically disabled public—including
6  Oliver—when it was structurally practical to do so.[4]

7  <p align="center">Failure to Make an Altered Facility Accessible</p>

8      43.   On information and belief, the Old Navy Facility was
9  modified after January 26, 1992, independently triggering access
10  requirements under the ADA.

11      44.   The ADA also requires that facilities altered in a manner that
12  affects (or could affect) its usability must be made readily accessible to
13  individuals with disabilities to the maximum extent feasible. 42 U.S.C. §
14  12183(a)(2). Altering an area that contains a facility's primary function
15  also requires adding making the paths of travel, bathrooms, telephones,
16  and drinking fountains serving that area accessible to the maximum extent
17  feasible. Id.

18      45.   Here, the Old Navy Defendants altered the Old Navy Facility
19  in a manner that violated the ADA and was not readily accessible to the
20  physically disabled public—including Oliver—to the maximum extent
21  feasible.

22  <p align="center">Failure to Modify Existing Policies and Procedures</p>

23      46.   The ADA also requires reasonable modifications in policies,
24  practices, or procedures, when necessary to afford such goods, services,
25  facilities, or accommodations to individuals with disabilities, unless the

26

27

28

---

[4]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

<p align="center">Page 13</p>

1  entity can demonstrate that making such modifications would
2  fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

3      47.  Here, the Old Navy Defendants violated the ADA by failing
4  to make reasonable modifications in policies, practices, or procedures at
5  the Old Navy Facility, when these modifications were necessary to afford
6  (and would not fundamentally alter the nature of) these goods, services,
7  facilities, or accommodations.

8      48.  Oliver seeks all relief available under the ADA (*i.e.*,
9  injunctive relief, attorney fees, costs, legal expense) for these
10  aforementioned violations. 42 U.S.C. § 12205.

11      49.  Oliver also seeks a finding from this Court (*i.e.*, declaratory
12  relief) that the Old Navy Defendants violated the ADA in order to pursue
13  damages under California's Unruh Civil Rights Act or Disabled Persons
14  Act.

15  <div align="center">VII. SECOND CLAIM</div>
16  <div align="center">**Disabled Persons Act**</div>
17  <div align="center">(The Old Navy Facility)</div>

18      50.  Oliver incorporates the allegations contained in paragraphs 1
19  through 49 for this claim.

20      51.  California Civil Code § 54 states, in part, that: Individuals
21  with disabilities have the same right as the general public to the full and
22  free use of the streets, sidewalks, walkways, public buildings and
23  facilities, and other public places.

24      52.  California Civil Code § 54.1 also states, in part, that:
25  Individuals with disabilities shall be entitled to full and equal access to
26  accommodations, facilities, telephone facilities, places of public
27  accommodation, and other places to which the general public is invited.

28  *Oliver v. Fashion Valley Mall*
   **Plaintiff's Complaint**

<div align="center">Page 14</div>

53. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

54. Here, the Old Navy Defendants discriminated against the physically disabled public—including Oliver—by denying them full and equal access to the Old Navy Facility. The Old Navy Defendants also violated Oliver' rights under the ADA, and, therefore, infringed upon or violated (or both) Oliver's rights under the Disabled Persons Act.

55. For each offense of the Disabled Persons Act, Oliver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

56. He also seeks to enjoin the Old Navy Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

(The Old Navy Facility)

57. Oliver incorporates the allegations contained in paragraphs 1 through 56 for this claim.

58. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

59. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

60.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

61.    The Old Navy Defendants' aforementioned acts and omissions denied the physically disabled public—including Oliver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

62.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Oliver by violating the Unruh Act.

63.    Oliver was damaged by the Old Navy Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

64.    Oliver also seeks to enjoin the Old Navy Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Old Navy Facility)

65.    Oliver incorporates the allegations contained in paragraphs 1 through 64 for this claim.

66.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

67.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

68.    Oliver alleges the Old Navy Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Old Navy Facility was not exempt under Health and Safety Code § 19956.

69.    The Old Navy Defendants' non-compliance with these requirements at the Old Navy Facility aggrieved (or potentially aggrieved) Oliver and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. FIFTH CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

(The JCPenney Facility)

70.    Oliver incorporates the allegations contained in paragraphs 1 through 69 for this claim.

71.    Title III of the ADA holds as a 'general rule' that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

72.    The JCPenney Defendants discriminated against Oliver by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the JCPenney Facility during each visit and each incident of deterrence.

///

///

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

Failure to Remove Architectural Barriers in an Existing Facility

73.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

74.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

75.    Here, Oliver alleges that the JCPenney Defendants can easily remove the architectural barriers at the JCPenney Facility without much difficulty or expense, and that the JCPenney Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

76.    In the alternative, if it was not "readily achievable" for the JCPenney Defendants to remove the JCPenney Facility's barriers, then the JCPenney Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct an Accessible Facility

77.    On information and belief, the JCPenney Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

78.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to,

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1  and usable by, individuals with disabilities when it was structurally

2  practicable to do so. 42 U.S.C. § 12183(a)(1).

3       79.    Here, the JCPenney Defendants violated the ADA by

4  designing or constructing (or both) the JCPenney Facility in a manner that

5  was not readily accessible to the physically disabled public—including

6  Oliver—when it was structurally practical to do so.[5]

7              Failure to Make an Altered Facility Accessible

8       80.    On information and belief, the JCPenney Facility was

9  modified after January 26, 1992, independently triggering access

10 requirements under the ADA.

11      81.    The ADA also requires that facilities altered in a manner that

12 affects (or could affect) its usability must be made readily accessible to

13 individuals with disabilities to the maximum extent feasible. 42 U.S.C. §

14 12183(a)(2).   Altering an area that contains a facility's primary function

15 also requires adding making the paths of travel, bathrooms, telephones,

16 and drinking fountains serving that area accessible to the maximum extent

17 feasible. Id.

18      82.    Here, the JCPenney Defendants altered the JCPenney Facility

19 in a manner that violated the ADA and was not readily accessible to the

20 physically disabled public—including Oliver—to the maximum extent

21 feasible.

22             Failure to Modify Existing Policies and Procedures

23      83.    The ADA also requires reasonable modifications in policies,

24 practices, or procedures, when necessary to afford such goods, services,

25 facilities, or accommodations to individuals with disabilities, unless the

26

27

28

---

[5]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action
as a private attorney general under either state or federal statutes.

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1  entity can demonstrate that making such modifications would
2  fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

3      84.    Here, the JCPenney Defendants violated the ADA by failing
4  to make reasonable modifications in policies, practices, or procedures at
5  the JCPenney Facility, when these modifications were necessary to afford
6  (and would not fundamentally alter the nature of) these goods, services,
7  facilities, or accommodations.

8      85.    Oliver seeks all relief available under the ADA (*i.e.*,
9  injunctive relief, attorney fees, costs, legal expense) for these
10 aforementioned violations. 42 U.S.C. § 12205.

11     86.    Oliver also seeks a finding from this Court (*i.e.*, declaratory
12 relief) that the JCPenney Defendants violated the ADA in order to pursue
13 damages under California's Unruh Civil Rights Act or Disabled Persons
14 Act.

15                          XI. SIXTH CLAIM

16                        **Disabled Persons Act**

17                       (The JCPenney Facility)

18     87.    Oliver incorporates the allegations contained in paragraphs 1
19 through 86 for this claim.

20     88.    California Civil Code § 54 states, in part, that: Individuals
21 with disabilities have the same right as the general public to the full and
22 free use of the streets, sidewalks, walkways, public buildings and
23 facilities, and other public places.

24     89.    California Civil Code § 54.1 also states, in part, that:
25 Individuals with disabilities shall be entitled to full and equal access to
26 accommodations, facilities, telephone facilities, places of public
27 accommodation, and other places to which the general public is invited.

28
*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

90. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

91. Here, the JCPenney Defendants discriminated against the physically disabled public—including Oliver—by denying them full and equal access to the JCPenney Facility. The JCPenney Defendants also violated Oliver' rights under the ADA, and, therefore, infringed upon or violated (or both) Oliver's rights under the Disabled Persons Act.

92. For each offense of the Disabled Persons Act, Oliver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

93. He also seeks to enjoin the JCPenney Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XII. SEVENTH CLAIM

### Unruh Civil Rights Act

(The JCPenney Facility)

94. Oliver incorporates the allegations contained in paragraphs 1 through 93 for this claim.

95. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

96. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

Page 21

97. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

98. The JCPenney Defendants' aforementioned acts and omissions denied the physically disabled public—including Oliver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

99. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Oliver by violating the Unruh Act.

100. Oliver was damaged by the JCPenney Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

101. Oliver also seeks to enjoin the JCPenney Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### XIII. EIGHTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The JCPenney Facility)

102. Oliver incorporates the allegations contained in paragraphs 1 through 101 for this claim.

103. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

104. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1    105. Oliver alleges the JCPenney Facility is a public
2    accommodation constructed, altered, or repaired in a manner that violates
3    Part 5.5 of the Health and Safety Code or Government Code § 4450 (or
4    both), and that the JCPenney Facility was not exempt under Health and
5    Safety Code § 19956.

6    106. The JCPenney Defendants' non-compliance with these
7    requirements at the JCPenney Facility aggrieved (or potentially aggrieved)
8    Oliver and other persons with physical disabilities. Accordingly, he seeks
9    injunctive relief and attorney fees pursuant to Health and Safety Code §
10   19953.

11                          XIV. NINTH CLAIM

12              **Americans with Disabilities Act of 1990**

13              Denial of "Full and Equal" Enjoyment and Use

14                        (The Macy's Facility)

15   107. Oliver incorporates the allegations contained in paragraphs 1
16   through 106 for this claim.

17   108. Title III of the ADA holds as a 'general rule' that no
18   individual shall be discriminated against on the basis of disability in the
19   full and equal enjoyment (or use) of goods, services, facilities, privileges,
20   and accommodations offered by any person who owns, operates, or leases
21   a place of public accommodation. 42 U.S.C. § 12182(a).

22   109. The Macy's Defendants discriminated against Oliver by
23   denying "full and equal enjoyment" and use of the goods, services,
24   facilities, privileges or accommodations of the Macy's Facility during each
25   visit and each incident of deterrence.

26   ///

27   ///

28
     *Oliver v. Fashion Valley Mall*
     **Plaintiff's Complaint**

1

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

2    110.   The ADA specifically prohibits failing to remove

3    architectural barriers, which are structural in nature, in existing facilities

4    where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

5    The term "readily achievable" is defined as "easily accomplishable and

6    able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

7    111.   When an entity can demonstrate that removal of a barrier is

8    not readily achievable, a failure to make goods, services, facilities, or

9    accommodations available through alternative methods is also specifically

10   prohibited if these methods are readily achievable. <u>Id.</u> §

11   12182(b)(2)(A)(v).

12   112.   Here, Oliver alleges that the Macy's Defendants can easily

13   remove the architectural barriers at the Macy's Facility without much

14   difficulty or expense, and that the Macy's Defendants violated the ADA

15   by failing to remove those barriers, when it was readily achievable to do

16   so.

17   113.   In the alternative, if it was not "readily achievable" for the

18   Macy's Defendants to remove the Macy's Facility's barriers, then the

19   Macy's Defendants violated the ADA by failing to make the required

20   services available through alternative methods, which are readily

21   achievable.

22   <u>Failure to Design and Construct an Accessible Facility</u>

23   114.   On information and belief, the Macy's Facility was designed

24   or constructed (or both) after January 26, 1992—independently triggering

25   access requirements under Title III of the ADA.

26   115.   The ADA also prohibits designing and constructing facilities

27   for first occupancy after January 26, 1993, that aren't readily accessible to,

28
*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

116. Here, the Macy's Defendants violated the ADA by designing or constructing (or both) the Macy's Facility in a manner that was not readily accessible to the physically disabled public—including Oliver—when it was structurally practical to do so.[6]

### Failure to Make an Altered Facility Accessible

117. On information and belief, the Macy's Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

118. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

119. Here, the Macy's Defendants altered the Macy's Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Oliver—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

120. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the

---

[6] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

1  entity can demonstrate that making such modifications would
2  fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

3      121. Here, the Macy's Defendants violated the ADA by failing to
4  make reasonable modifications in policies, practices, or procedures at the
5  Macy's Facility, when these modifications were necessary to afford (and
6  would not fundamentally alter the nature of) these goods, services,
7  facilities, or accommodations.

8      122. Oliver seeks all relief available under the ADA (*i.e.,*
9  injunctive relief, attorney fees, costs, legal expense) for these
10 aforementioned violations. 42 U.S.C. § 12205.

11     123. Oliver also seeks a finding from this Court (*i.e.,* declaratory
12 relief) that the Macy's Defendants violated the ADA in order to pursue
13 damages under California's Unruh Civil Rights Act or Disabled Persons
14 Act.

15                          XV. TENTH CLAIM
16                        **Disabled Persons Act**
17                         (The Macy's Facility)

18     124. Oliver incorporates the allegations contained in paragraphs 1
19 through 123 for this claim.

20     125. California Civil Code § 54 states, in part, that: Individuals
21 with disabilities have the same right as the general public to the full and
22 free use of the streets, sidewalks, walkways, public buildings and
23 facilities, and other public places.

24     126. California Civil Code § 54.1 also states, in part, that:
25 Individuals with disabilities shall be entitled to full and equal access to
26 accommodations, facilities, telephone facilities, places of public
27 accommodation, and other places to which the general public is invited.

28
*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

127.  Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

128.  Here, the Macy's Defendants discriminated against the physically disabled public—including Oliver—by denying them full and equal access to the Macy's Facility.  The Macy's Defendants also violated Oliver' rights under the ADA, and, therefore, infringed upon or violated (or both) Oliver's rights under the Disabled Persons Act.

129.  For each offense of the Disabled Persons Act, Oliver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

130.  He also seeks to enjoin the Macy's Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

<center>XVI. ELEVENTH CLAIM</center>

<center>**Unruh Civil Rights Act**</center>

<center>(The Macy's Facility)</center>

131.  Oliver incorporates the allegations contained in paragraphs 1 through 130 for this claim.

132.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

133.  California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

134. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

135. The Macy's Defendants' aforementioned acts and omissions denied the physically disabled public—including Oliver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

136. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Oliver by violating the Unruh Act.

137. Oliver was damaged by the Macy's Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

138. Oliver also seeks to enjoin the Macy's Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XVII. TWELFTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Macy's Facility)

139. Oliver incorporates the allegations contained in paragraphs 1 through 138 for this claim.

140. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

141. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

142.   Oliver alleges the Macy's Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Macy's Facility was not exempt under Health and Safety Code § 19956.

143.   The Macy's Defendants' non-compliance with these requirements at the Macy's Facility aggrieved (or potentially aggrieved) Oliver and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XVIII. PRAYER FOR RELIEF

WHEREFORE, Oliver prays judgment against the Old Navy Defendants for:

1.   Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.   Declaratory relief that the Old Navy Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.   Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to the proof.

4.   Attorneys' fees, litigation expenses, and costs of suit.[7]

5.   Interest at the legal rate from the date of the filing of this action.

6.   Such other and further relief as the court may deem proper.

///

///

///

///

---

[7]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

## XVIX. PRAYER FOR RELIEF

WHEREFORE, Oliver prays judgment against the JCPenney Defendants for:

7.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

8.      Declaratory relief that the JCPenney Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

9.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to the proof.

10.     Attorneys' fees, litigation expenses, and costs of suit.[8]

11.     Interest at the legal rate from the date of the filing of this action.

12.     Such other and further relief as the court may deem proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

---

[8] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

XVX. PRAYER FOR RELIEF

WHEREFORE, Oliver prays judgment against the Macy's Defendants for:

13.  Injunctive relief, preventive relief, or any other relief the Court deems proper.

14.  Declaratory relief that the Macy's Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

15.  Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to the proof.

16.  Attorneys' fees, litigation expenses, and costs of suit.[9]

17.  Interest at the legal rate from the date of the filing of this action.

18.  Such other and further relief as the court may deem proper.


DATED: December 6, 2007     LAW OFFICES OF LYNN HUBBARD

LYNN HUBBARD, III
Attorney for Plaintiff A.J. Oliver

---

[9]  This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Oliver v. Fashion Valley Mall*
**Plaintiff's Complaint**

# EXHIBIT A

to Plaintiff's Complaint

# PRELIMINARY SITE ACCESSIBILITY REPORT

## Inspected October 10, 2007

*Old Navy*
*7007 Friars Road*
*San Diego, California*

OLD NAVY
7007 Friars Road
San Diego, CA

| | | |
|---|---|---|
| 1117 B.5<br>Fig 11 B-6 | 4.30 | 1. Entrance door has no ISA. |
| 1117 B. 5.4<br>1117 B. 5.1.3 | 4.1.2 (7) (d) | 2. Signage to the restroom has no ISA. |

**Men's Restroom**

| | | |
|---|---|---|
| 1133 B. 2.4.2<br>Fig 11 B. – 26 A | 4.13.6<br>Fig 25 | 3. Restroom door clearance for side strike area is not 18 inches on the pull side and 12 inches on the push side. |

## *SEE PHOTO No. 1*

| | | |
|---|---|---|
| 1115 B. 7.1.4 | 4.13.9 | 4. Restroom door does not have flip or sliding latch. |

## *SEE PHOTO No. 2*

| | | |
|---|---|---|
| 1115B.2.1.1.2 | 4.16.5 | 5. Water closet flush control not on wide side of stall. |
| 1115B.2.1.1.2 | 4.27.4 | 6. Flush control requires greater than 5 lbs pressure to operate. |

## *SEE PHOTO No. 3*

| | | |
|---|---|---|
| 1115B.9.2<br>Fig 11B-1A<br>1118B.3<br>1117B.6.2 | 4.27.2<br>36.211<br>4.3.3<br>4.2.1<br>Fig 3 (a)<br>4.27.2<br>4.27.7 | 7. Seat cover not located on required accessible route. Seat cover dispenser not mounted in front of the wall grab bar. |

| | | |
|---|---|---|
| 1115B. 9 2<br>Fig 11B-1A | | 8. Seat cover dispenser operable part 58 inches from floor, and mounted over the grab bar. |

### *SEE PHOTO No. 4*

| | | |
|---|---|---|
| | 4.17.3<br>Fig 30 | 9. Toilet tissue dispenser leading edge is 46 inches from back wall, not 36 inches maximum. |
| 1115 B.9.3 | 4.16.6 | 10. Toilet paper dispenser does not allow for a continuous flow. |
| 1133 B.8.6.1 | 4.4.1 | 11. Toilet tissue dispenser protrudes more than 4 inches from wall. |

### *SEE PHOTO No. 5*

| | | |
|---|---|---|
| 1115 B. 2.1.2.1<br>Fig 11 B. –D | | 12. Center of lavatory 9 inches from the wall not 18 inch minimum. |
| 1115 B.2.1.2.1 | 4.27.4 | 13. Faucet control requires more than 5 lbs of force to activate. |

### *SEE PHOTO No. 6*

| | | |
|---|---|---|
| 1115 B.2.1.2.1<br>Fig 11 B. –D | 4.19.2<br>Fig 31 | 14. Drainpipes under lavatory 11 inches from the wall not 6 inch maximum. |
| 1115 B. 2.1.2.2 | 4.19.4 | 15. Hot water and drainpipes are not insulated. |

### *SEE PHOTO No. 7*

| | | |
|---|---|---|
| 1115B.9.1.1 | 4.19.2<br>Fig 31 | 16. Not a 30 by 48 inch minimum clear space in front of lavatory. |
| 1102B | 4.3 | 17. Hand air dryer is an obstruction to the lavatory. |

### *SEE PHOTO Nos. 8 and 9*

| | | |
|---|---|---|
| 1133 B.8.6.1 | 4.4.1 | 18. Hand air dryer protrudes more than 4 inches from wall. |

## *SEE PHOTO No. 10*

### *Dressing Rooms*

| | | |
|---|---|---|
| 1133 B.2.5.2 | 4.13.9 | 19. Inside dressing room door does not have accessible handle. |
| 1110 B.1.7 | 4.35.2 | 20. Dressing room door swings into 60 x 60 clear floor space. |
| 1115B.9.3<br>Fig 11B-1-A<br>1118 B.6<br>11B-5D (a) and (b) | 4.2.6 | 21. Clothing hooks can not be reached from bench, out of required reach range limits. |

### *Elevator*

| | | |
|---|---|---|
| 1116 B. 1.10 | 4.10.13 | 22. Elevator does not have an audible tone. |
| 1116 B. 1.14 | 4.10.4 | 23. Elevator does not have up-and-down tones. |
| | 4.40.14 | 24. Some elevator control buttons are higher that 54". |

## *SEE PHOTO No. 12*

| | | |
|---|---|---|
| 1116 B.1.9 | 4.30. 4 | 25. No Braille symbols immediately below floor buttons. |
| 1116 B.1.8 | 4.10.14 | 26. Elevator emergency  device requires voice communication. |

## *SEE PHOTO No. 11*



1.



2.



3.



4.



5.



6.



7.



8.



9.



10.



11.



12.



# EXHIBIT B
## to Plaintiff's Complaint

# PRELIMINARY SITE ACCESSIBILITY REPORT

## Inspected October 10, 2007

*JCPenney*
*6987 Friars Road*
*San Diego, California*

JCPENNEY
6987 Friars Road
San Diego, CA

1117 B.5              4.30
Fig 11 B-6                              1. Entrance door has no ISA.

### *SEE PHOTO Nos. 1 thru' 4*

1117 B. 5.7           4.30.6             2. Entrance door ISA not mounted 60 inches
                                        center line from the floor.

1117 B. 5.7           4.30.6             3. Entrance door ISA not mounted on the wall,
                                        latch side.

### *SEE PHOTO No. 5*

1124 B.3              4.5.3              4. Floor mats are not attached.

1115 B.2.1.5.3        4.15.3             5. Water fountain bubbler is not located 36 inches
                                        maximum from the floor.

### *SEE PHOTO No. 6*

1102 B                4.3
1114 B.1.2            4.3.3
                     Fig 7 (a & b)     6. No accessible route through store.  At least one
                                        aisle is less than 36 inches wide.

1117 B. 5.4
1117 B. 5.1.3         4.1.2 (7) (d)     7. Signage to the restroom has no ISA.

                     *RESTROOMS*

1117B.5.8.1           4.30.7             8. No ISA on accessible stall door.

1115B.7.1.4           4.17.5             9. Outside stall door does not have accessible
                                        handle.

### *SEE PHOTO No. 8*

1115 B. 7.1.4                               10.  Inside stall door does not have accessible
                                           handle.

## *SEE PHOTO No. 10*

1115B.9.2          4.27.2
Fig 11B-1A         36.211
1118B.3            4.3.3
1117B.6.2          4.2.1
                   Fig 3 (a)
                   4.27.2
                   4.27.7              11.  Seat cover not located on required accessible
                                           route.  Seat cover dispenser not mounted in front of
                                           the wall grab bar.

## *SEE PHOTO No. 11*

                   4.17.3
                   Fig 30             12.  Toilet tissue dispenser leading edge is 44
                                           inches from back wall, not 36 inches maximum.

## *SEE PHOTO No. 12*

1133 B.8.6.1       4.4.1             13.  Toilet tissue dispenser protrudes more than 4
                                           inches from wall.

## *SEE PHOTO No. 13*

1102B              4.3               14.  Bench lavatory is an obstruction to the soap
                                           dispenser.

## *SEE PHOTO No. 14*

### *THESE VIOLATIONS WERE FOUND IN THE WOMEN'S RESTROOM.  ADDITIONAL VIOLATIONS MAY BE FOUND IN THE MEN'S RESTROOM.*

### *Dressing Rooms*

## *NO MEN'S ACCESSIBLE DRESSING ROOMS FOUND.*

1117B.5.8.1        4.30.7            15.  No ISA on some accessible dressing room
                                           doors.

| | | |
|---|---|---|
| 1133 B.2.5.2 | 4.13.9 | 16. Inside dressing room door does not have accessible handle. |

### *SEE PHOTO Nos. 16, 17, & 18*

| | | |
|---|---|---|
| 1110 B.1.7 | 4.35.5 | 17. Dressing room mirror is not mounted in a position affording a view to a person seated on the bench. |

### *SEE PHOTO Nos. 27 and 28*

| | | |
|---|---|---|
| 1110 B.1.7 | 4.35.5 | 18. Clothing hooks are 55 inches from the floor, not maximum 48 inches. |

### *SEE PHOTO Nos. 21 and 22*

| | | |
|---|---|---|
| 1110 B.1.7 | 4.35.5 | 19. Clothing hooks are 63 inches from the floor, not maximum 48 inches. |

### *SEE PHOTO Nos. 25 and 26*

### ***THESE VIOLATIONS WERE FOUND IN THE WOMEN'S DRESSING ROOMS.***



1.



2.



3.



4.



5.



6.



7.



8.



9.



10.



11.



12.



13.



14.



15.



16.



17.



18.



19.



20.



21.



22.



23.



24.



25.



26.



27.



28.



# EXHIBIT C
## to Plaintiff's Complaint

# PRELIMINARY SITE ACCESSIBILITY REPORT

**Inspected October 10, 2007**

### *Macy's*
### *7017 Friars Road*
### *San Diego, California*

MACY'S
7017 Friars Road
San Diego, CA

| | | |
|---|---|---|
| 1117 B.5<br>Fig 11 B-6 | 4.30 | 1.  Entrance door has no ISA. |

## *SEE PHOTO Nos. 1 and 2*

| | | |
|---|---|---|
| 1102 B<br>1114 B.1.2 | 4.3<br>4.3.3<br>Fig 7 (a & b) | 2. No accessible route through store.  At least one aisle is less than 36 inches wide. |
| 1117 B. 5.4<br>1117 B. 5.1.3 | 4.1.2 (7) (d) | 3.  Some signage to the restroom has no ISA. |
| 1117 B. 5.5.3 | 4.30.4 | 4.  Restroom door sign has no ISA, wall mounted, latch side. |
| 1117 B. 5.6.3 | 4.30.4 | 5.  Restroom door signs do not have a verbal description below the ISA, latch side. |
| 1115 B. 5 | 4.30.4 | 6.  Restroom door not identified in Braille, latch side. |

## *SEE PHOTO No. 3*

### *RESTROOMS*

| | | |
|---|---|---|
| 1117B.5.8.1 | 4.30.7 | 7.  No ISA on accessible stall door. |
| 1115B. 7.1.4 | | 8.  Stall door not self closing. |
| 1133 B. 2.4.2<br>Fig 11 B. – 26 A | 4.13.6<br>Fig 25 | 9.  Stall door clearance for side strike area is not 18 inches on the pull side and 12 inches on the push side. |

## *SEE PHOTO No. 4*

| | | |
|---|---|---|
| 1115B.7.1.4 | 4.17.5 | 10.  Outside stall door does not have accessible handle. |

| | | |
|---|---|---|
| 1115 B. 7.1.4 | | 11.  Inside stall door does not have accessible handle. |
| 1115 B.7.1.4 | | 12.  Inside stall door handle not mounted below latch. |

### *SEE PHOTO No. 5*

| | | |
|---|---|---|
| | 4.17.3<br>Fig 30 | 13.  Toilet tissue dispenser leading edge is 42 inches from back wall, not 36 inches maximum. |

### *SEE PHOTO Nos. 7 and 8*

| | | |
|---|---|---|
| 1115B. 9 2<br>Fig 11B-1A | | 14.  Seat cover dispenser mounted over the grab bar. |
| 1115B.9.2<br>Fig 11B-1A<br>1118B.3<br>1117B.6.2 | 4.27.2<br>36.211<br>4.3.3<br>4.2.1<br>Fig 3 (a)<br>4.27.2<br>4.27.7 | 15.  Seat cover not located on required accessible route.  Seat cover dispenser not mounted in front of the wall grab bar. |

### *SEE PHOTO No. 8*

| | | |
|---|---|---|
| 1115 B. 2.1.2.1<br>Fig 11 B. –D | | 16.  Center of lavatory 9 inches from the wall not 18 inch minimum. |

### *SEE PHOTO No. 9*

| | | |
|---|---|---|
| 1115 B.2.1.2.1<br>Fig 11 B-D | 4.19.2<br>Fig 31 | 17.  Knee clearance under lavatory 28 inches not 29 inch minimum. |

### *SEE PHOTO No. 12*

| | | |
|---|---|---|
| 1115 B.2.1.2.1<br>Fig 11 B. –D | 4.19.2<br>Fig 31 | 18.  Drainpipes under lavatory 10 inches from the wall not 6 inch maximum. |
| 1115 B. 2.1.2.2 | 4.19.4 | 19.  Hot water and drainpipes are not insulated. |

### *SEE PHOTO No. 10*

| | | |
|---|---|---|
| 1133 B.8.6.1 | 4.4.1 | 20.  Towel dispenser protrudes more than 4 inches from wall. |

### *SEE PHOTO No. 11*

| | | |
|---|---|---|
| 1102B | 4.3 | 21.  Trash can is an obstruction to the towel dispenser. |
| 1115B.9.1.1 | 4.19.2<br>Fig 31 | 39.  Not a 30 by 48 inch minimum clear space in front of lavatory. |

### *SEE PHOTO No. 13*

## NO ACCESSIBLE DRESSING ROOMS FOUND AT THIS LOCATION.

### *THESE VIOLATIONS WERE FOUND IN THE WOMEN'S RESTROOM.  ADDITIONAL VIOLATIONS MAY BE FOUND IN THE MEN'S RESTROOM.*



1.



2.



3.



4.



5.



6.



7.



8.



9.



10.



11.



12.



13.



# EXHIBIT D
## to Plaintiff's Complaint

**PRELIMINARY  SITE ACCESSIBILITY REPORT**

**Inspected October 10, 2007**

### *Fashion Valley Shopping Mall Parking*
### *Friar's Road*
### *San Diego, California*

**FASHION VALLEY SHOPPING MALL PARKING**
Friar's Road
San Diego, CA

***Only one violation listed per picture.  Many pictures have multiple violations.***

| | | |
|---|---|---|
| 1129 B
Fig 21 | | 1. No tow away signs at 3 vehicular driveways. Tow away sign at ONLY ONE accessible parking space. |

## *SEE PHOTO Nos. 1 thru' 4*

| | | |
|---|---|---|
| DSA pg 2&3 | | 2. Tow away sign posted at wrong height. |
| DOT #R100B | | 3. Tow away sign wrong color. |

## *SEE PHOTO No. 4*

| | | |
|---|---|---|
| 1129 B.5 | | 4. Tow away sign uses incorrect verbiage. |

## *SEE PHOTO No. 4A*

| | | |
|---|---|---|
| 1129 B. 4.2 | 4.1.2 (5) (d) | 5. In correct number of required van accessible parking spaces.  Those few are scattered, and not in the required cluster of accessible spaces throughout the parking spaces. |
| 1129B.5 | 4.6.4 | 6. Incorrect parking signage.  No separate van accessible sign. |

## *SEE PHOTO Nos. 5 thru' 16*

| | | |
|---|---|---|
| 1129 B.5
DOT R99,
106.3.3 | 4.6.4 | |
| | | 7. No accessible parking signage. |

## *SEE PHOTO No. 17*

1129 B. 4.3

8. Arrangement of accessible parking spaces compels a wheelchair occupant to travel behind other vehicles.

### *SEE PHOTO Nos. 18 thru' 35*

1129 B.4      4.6.2

9. Accessible parking spaces not located the shortest accessible route of travel to the entrance. Some multi level structures (garages?) Have accessible spaces spread all over the middle of the floors, not next to the elevators.

1129 B.4.1      4.6.3

10. Incorrect parking space/access aisle dimensions. More than those listed in the photos numbered 36 to 82.

1129 B.5.1&2      4.6.4

11. Accessible parking space and access aisle not outlined white.

CVC 21 458(a)(3)(A)

12. Access aisle not striped in white.

### *SEE PHOTO No. 36 thru' 82*

1129B.4.1
Fig 11 B-18 A

13. Missing no parking painted in accessible aisle.

### *SEE PHOTO Nos. 129 thru' 170*

1127 B. 5.8

14. No detectable warnings.

1127 B.5.8      4.29.2

15. Detectable warning not visually contrasting, light on dark or dark on light.

1102 B.2.6      4.3
DSA pg 2D&3D

16. No accessible route of travel from parking. Stop signs not painted for crossing vehicular path.

         3.5

17. No marked crossing. Marked Crossing: A crosswalk or other identified path intended for pedestrian use in crossing a vehicular way.

| | | |
|---|---|---|
| 1102 B. | 4.3 | 18. No accessible route of travel on property grounds. No marked crossings. |

### *SEE PHOTO Nos. 83 thru' 127*

| | | |
|---|---|---|
| 1127 B. | 36.304 | 19. No exterior route of travel from the property border. |
| 1127 B. | 4.3.2 | 20. No exterior route of travel from parking. |

### *SEE PHOTO No. 128*

| | | |
|---|---|---|
| 1127 B. 3 | | 21. No exterior route of travel signs. |

### *Elevator*

| | | |
|---|---|---|
| 1116 B. 1.10 | 4.10.13 | 22. Elevator does not have an audible tone. |
| 1116 B. 1.14 | 4.10.4 | 23. Elevator does not have up-and-down tones. |
| | 4.40.14 | 24. Some elevator control buttons are higher that 54". |
| 1116 B.1.9 | 4.10.12 | 25. Elevator control buttons are not square shouldered. |
| 1116 B.1.9 | 4.30. 4 | 26. No Braille symbols immediately below floor buttons. |

### *SEE PHOTO Nos. 171 and 172*

| | | |
|---|---|---|
| 1115 B.9.2 | | 27. Written material 76 inches from floor. |

### *SEE PHOTO No. 173*

| | | |
|---|---|---|
| 1116 B.1.8 | 4.10.14 | 28. Elevator emergency communication door requires manual dexterity. |
| 1116 B.1.8 | 4.10.14 | 29. Elevator emergency device requires voice communication. |

### *SEE PHOTO No. 174*

1.



2.

3.



4.



4A.



5.



6.

7.



8.



9.

10.



11.



12.



13.

14.

15.

16.



17.



18.



19.



20.



21.

22.



23.



24.



25.

26.



27.



28.



29.



30.



31.



32.



33.



34.



35.

36.



37.



38.



39.



40.



41.



42.



43.



44.



45.



46.



47.



48.



49.



50.



51.



52.



53.



54.



55.



56.



57.



58.



59.



60.



61.



62.



63.



64.



65.



66.



67.



68.



69.



70.



71.



72.



73.



74.



75.

76.



77.



78.



79.



80.



81.



82.



83.



84.

85.



86.



87.



88.



89.



90.



91.



93.



94.



95.



96.



97.



98.



99.



100.



101.



102.



103.



104.



105. 

106. 

107. 

108.



109.



110.



111.



112.



113.



114.



115.



116.



117.



118.



119.



120.



121.



122.



123.



124.



125.

126.



127.



128.



129.



130.



131.



132.



133.



134.



135.



136.



137.



138.



139.



140.



144.



145.



150.



151.



152.



153.



154.



155.



156.



157.



158.



159.



160.



161.



162.



163.



164.



165.



166.



167.



168.



169. 

171. 

172. 

173.



174.



JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

## I. (a) PLAINTIFFS
A.J. OLIVER

**DEFENDANTS**
Old Navy, LLC dba Old Navy #5873; J.C. Penney Company, Inc. dba JCPenney #1950; Macy's Department Stores, Inc/ dba/ Macy's Fashion Valley Mall; Simon Property Group, Inc.

(b) County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   U.S. DISTRICT COURT
(IN U.S. PLAINTIFF CASES ONLY) OF CALIFORNIA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF LYNN HUBBARD   (530) 895-3252
12 WILLIAMSBURG LANE  CHICO, CA 95926

Attorneys (If Known)
07CV 02300L   PU

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.

Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER   Excess of $75,000

DATE
12/06/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 145287   AMOUNT 350.
12/7/07

APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145287    — SR
* * C O P Y * *
December 07. 2007
16:01:26**

**Civ Fil Non-Pris**
USAO #.: 07CV2300 CIV. FIL.
Judge..: M. JAMES LORENZ
Amount.:                $350.00 CK
Check#.: BC#20520

**Total-> $350.00**

FROM: OLIVER V. OLD NAVY, ET AL
      CIV. FIL.